**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4275**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL DONTAY HERRON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00326-RJC-1)

Submitted: October 24, 2017                    Decided: November 1, 2017

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Dontay Herron appeals the district court's judgment imposing a sentence of 24 months' imprisonment to be followed by one year of supervised release, upon revocation of Herron's supervised release. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Wendell was denied effective assistance of counsel with regard to the revocation sentence. Wendell was advised of his right to file a pro se supplemental brief but did not file one. We affirm.

Wendell contends that he was denied his Sixth Amendment right to counsel in the district court proceedings. Specifically, Herron contends that counsel was ineffective for failing to request that his supervised release be terminated upon completion of his prison sentence, for failing to argue for a lower term of imprisonment, and for making arguments at the revocation hearing that were not consistent with their prehearing discussions. However, the Sixth Amendment applies only in "criminal prosecutions," U.S. Const. amend. VI, and the Supreme Court has held that revocation proceedings are not criminal prosecutions for Sixth Amendment purposes. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that probation revocation is not a stage of criminal prosecution); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that a parole revocation proceeding "is not part of the criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply"). Furthermore, the record does not conclusively establish that Herron was denied his due process or statutory right to counsel.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. We deny as moot Herron's motion to expedite. This court requires that counsel inform Herron, in writing, of the right to petition the Supreme Court of the United States for further review. If Herron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Herron. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*